UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHRISTOPHER R. BENSON,

                        No. 6:12-CV-1457 (NAM/ATB)

           Plaintiff,

   v.

FAMILY DOLLAR STORES, INC., ET AL.,

           Defendants.

_____

DEANNA J. SCHLEUSNER, ESQ., for Plaintiff
JOHN T. MCCANN, ESQ. and ROBERT C. WHITAKER, ESQ., for Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

**ORDER**

The court conducted a stenographically-recorded conference on December 4, 2015, regarding defendants' motion for a protective order regarding certain of plaintiff's pending discovery demands.  (Dkt. No. 57).  Plaintiff filed a response in opposition to the motion (Dkt. No. 64), defendants filed a reply (Dkt. No. 65), and the court accepted plaintiff's sur-reply (Dkt. No. 69) over defendants' objection (Dkt. No. 72).  The court considered the letter briefs and attachments submitted by the parties and the arguments of counsel during the conference.  For the reasons stated on the record during the conference, **IT IS HEREBY ORDERED** that defendants' motion for a protective order (Dkt. No. 57) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1.      Assuming that plaintiff is willing to commit to split the related vendor costs 50/50 with Family Dollar, as ordered by the court during the conference, defendants shall arrange for its vendor, PeopleFluent, to conduct further analysis of Family Dollar's electronic system to attempt to confirm who made edits to create different versions of plaintiff's interim and final 2011 appraisals and to determine when any such edits were made.

2.      Defendants shall answer plaintiff's Second Set of Interrogatories nos. 1 and 4 in lieu of any further discovery regarding 2011 bonus payments by Family Dollar.

3.      Defendants' motion for a protective order (Dkt. No. 57) is otherwise **GRANTED** to preclude further discovery, including written demands and requested Rule 30(b)(6) and other depositions, with respect to the issues raised in Dkt. No. 57, as well as further discovery regarding HRD/VP ratings, as first raised in plaintiff's response (Dkt. No. 64).

4.      To the extent either side has otherwise moved for sanctions and/or the imposition of costs relating to defendants' motion for the protective order or other purported violations of discovery rules, those motions are **DENIED** (other than as specified in paragraph 1, above).

5.      Following further good faith consultations about other discovery issues addressed during the conference, the parties will propose a revised schedule for

completion of discovery and for the filing of dispositive motions by **December 18, 2015**.

Dated:  December 4, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge

3